UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 17-cr-20354
                                          District Judge Paul D. Borman

KEVIN JAMES,

    Defendant.
_____/

**ORDER DENYING DEFENDANT KEVIN JAMES' MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (ECF NO. 47, AT PAGEID 262)**

**BACKGROUND**

Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant contends that he:

> Was convicted of non-violent offenses, Bank Robbery, and he does not pose a danger to the community. He has low risk of recidivism…has been incarcerated for three years, and is detained at FCI-Loretto in Loretto, PA, a low security prison…James' conduct while incarcerated has been exemplary with zero shots.

(*Id*. at PageID 262.)

Defendant contends that he suffers from extreme medical condition risk factors:

1

      I.      Diabetes Myelitis Type II.[1]

      II.      Cardiovascular disease…heart attack with two stents.

      III.      Hyper Lipedema.

      IV.      Hypertension.

      V.      Severe morbid obesity--BMI 48, weight 330 lbs., height 5' 9".

Defendant James also asserts that he has bowel incontinence from a history of abdominal hernia surgeries, and is prescribed nine medications for the above-listed health conditions. (*Id*. at PageID 263.)

Defendant James attaches as Exhibit A, a letter from his warden dated 4/15/2020 rejecting his request for compassionate release based on a Debilitating Medical Condition. Thus, he has satisfied the prerequisites to proceeding before this Court to seek compassionate release. (*Id*. at PageID 265.)

Defendant James notes that on January 19, 2018 he was sentenced to 10 years imprisonment for bank robbery, and has served over three years. His release date is 10/16/2026. (*Id*. at PageID 266.)

As exceptional circumstances, in addition to his aforementioned medical conditions, he cites the COVID-19 pandemic, and the CDC category listing high

---

[1] Defendant is not on insulin. (Government Response, ECF No. 54, PageID 347.) (Defendant's Motion, ECF No. 50-5, PageID 313.) He is currently on oral medication for treatment of diabetes. (*Id*. at PageID 317.)

2

risk people as those with heart conditions, diabetes and obesity--all three of which he suffers from. (*Id.*)

In conclusion, he requests this Court to reduce his sentence to time served with the supervised release condition of home confinement for the remainder of his custodian term. (*Id.* at PageID 271.)

Defendant's court-appointed attorney filed a "Supplement to Kevin James' *Pro Se* Motion for Compassionate Release," asserting extraordinary and compelling reasons for release. (ECF No. 50, PageID 278.) This includes active COVID-19 infections in both inmates and staff at FCI-Loretto, and his rehabilitative efforts while in custody, citing "his attached program review statement (Exhibit 9)." (*Id.*)[2]

The Supplement notes that in 2017 he pled guilty to one bank robbery conducted with a note given to the teller. Defendant's Guideline Range was 151 to 188 months; he was sentenced to 125 months.

Defendant asserts that the BOP characterizes James as Care Level 3, for unstable complex chronic care: "The highest level an inmate can be at without requiring services only available at a medical center." (*Id.* at PageID 280.)

---

[2] As of October 16, 2020, FCI-Loretto has zero "0" inmate COVID cases, seven staff cases, 56 inmates recovered. ( BOP Supervisor Tracy Knutson, St. Louis, MO.) This indicates a significant positive Government response to the COVID-19 pandemic as noted, by the United States Court of Appeals for the Sixth Circuit, *infra* at Page 5.

Defendant further asserts that BOP records "indicate that on April 8, 2020, FCI-Loretto made a formal Re-Designation Referral Request to the BOP to have Mr. James transferred to another BOP institution that could provide him with medical care appropriate to his Level 3 status, stating: "Patient is a Care Level 3 inmate and exceeds the capabilities of our Care Level 2 Ambulatory Care Clinic. On May 7, 2020 the request from FCI-Loretto was denied by the BOP. (*Id.* at PageID 281-282.) (BOP document at ECF No. 50-6, PageID 317.)

Defendant contends that extraordinary and compelling reasons warrant release because he "suffers from severe medical conditions, any one of which place him at a high risk of death or serious illness if he were to contract COVID-19 in prison." (*Id.* at PageID 287.)

Finally, Defendant asserts that he is not a danger to the community because, *inter alia*, the BOP characterizes Mr. James as a "minimum risk of recidivism," he participates in the Inmate Financial Responsibility Program, has completed several educational courses, and has no disciplinary citations. (*Id.* at PageID 301.)

The Government Response in Opposition states that Defendant James, who has a lengthy criminal history that spans nearly three decades, robbed a bank resulting in a Sentencing Guideline Range of 151 to 188 months due to his status as a Career Offender. The Government also notes that James used drugs and violated bond conditions while awaiting sentencing. The Government further notes

that Defendant has not yet served even one-third of his sentence that began on September 27, 2017. (ECF No. 54, PageID 334.)

The Government contends:

> Although James' heightened risk for COVID-19 based on his several medical conditions, qualifies as an "extraordinary and compelling reason" for release under 1B1.13(1)(A) & cmt. n.1(A), James is not otherwise eligible for release. James' offense and criminal history make him a continued danger to the community, which precludes release under U.S.S.G. § 1B1.13(2). And the 3553(a) factors warrant against it, e.g. because he has only served a small fraction of his sentence.

(*Id*. at PageID 335.)

The Government Response sets forth the facts of his instant bank robbery: "A demand note 100's, 50's, 20's, no games," and after receiving $3,040.00, he got into a get-away car owned by his mother, driven by an accomplice, that sped away recklessly from police pursuit, including driving the wrong way on I-94. (*Id*. at PageID 335-36.)

The Government notes that James is 53 years old and has a release date of August 5, 2026. (*Id*. at PageID 337.)

With regard to the BOP's response to the COVID-19 crisis, the Government points to the Sixth Circuit opinion in *Wilson v. Williams*, 961 F.3d 829, 843-44 (6th Cir. 2020), noting that the Bureau of Prisons has responded appropriately to COVID-19 through its detailed, updated, continuing protocols, and is also

5

evidenced by its granting home confinement to over 7,247 inmates and counting as of August 12, 2020. (*Id*. at PageID 337-340.)

The Government concludes that Defendant James, despite his medical issues, is nonetheless ineligible for compassionate release under U.S.S.G. § 1B1.13, specified in 3582(c)(1)(A), because he poses a danger to the community pursuant to 18 U.S.C. § 3142(g).

The Government further asserts that "the factors in 18 U.S.C. § 3553(a), which must be considered under 18 U.S.C. § 3182(c)(1)(A) strongly weigh against compassionate release":

> 1. He has served less than 30 percent of his sentence. The Court notes that a recent Sixth Circuit opinion, *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020), approves of a court's consideration of the percentage of time served in its required discussion of these 3553(a) factors:
>
>> District court's routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.
>
> In the instant case, as noted, Defendant has served only three years of his 10-year sentence.
>
> 2. His extensive criminal history--a career offender.

6

    3.      His bond violations.

    4.      The instant serious crime.

## DISCUSSION

The Court is required to consider applicable 3553(a) factors, per 18 U.S.C. § 3582(c)(1)(A):

    (1)      The nature and circumstances of this offense are very serious. He has an extensive criminal history that puts him in career offender category.

    (2)(A)(B)(C)      There is a need for his sentence to reflect the seriousness of his conviction, to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from Defendant's commission of additional crimes if released.

This Court will, as required by 18 U.S.C. § 3582(c)(1)(A), consider the applicable policy statements issued by the Sentencing Commission, to-wit, U.S.S.G. § 1B1.13, which requires the court to initially consider the factors set forth in 3553(a) and only then to determine whether:

    (1)(A)      Extraordinary and compelling reasons warrant reduction,

    (2)      Determine whether Defendant is a danger to the community, as provided in 18 U.S.C. § 3142(g) of the Bail Reform Act--are there conditions of release that will reasonable assure the safety of the community, and

7

   (3)  Determine that any reduction is consistent with this policy.

Thus, while the Commentary to U.S.S.G. § 1B1.13 App. N.1(A)(ii) provides for consideration of "extraordinary and compelling reasons," it contains this precondition to release under 18 U.S.C. § 3582(c)(1)(A): "Provided the defendant meets the requirement of subdivision 2" in the Policy Statement, which requires the Court to have determined that the defendant is not a danger to the community.

## CONCLUSION

The Court concludes, after evaluating his medical condition, and after applying the aforementioned required statutory and Guideline considerations restricting compassionate release, Defendant Kevin James does not qualify for compassionate release because his significant criminal history, and his dangerousness and reckless conduct in the instance offense, establishes that if released he would clearly be a serious danger to the community.

Accordingly, the Court DENIES Defendant Kevin James' Motion for Compassionate Release.

SO ORDERED.

DATED: October 19, 2020   s/Paul D. Borman
               PAUL D. BORMAN
               UNITED STATES DISTRICT JUDGE